# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

BERNADETTE MARTINEZ and S. R.,
A MINOR CHILD BY AND THROUGH HIS NATURAL
MOTHER AND NEXT BEST FRIEND, BERNADETTE MARTINEZ,

    Plaintiffs

v

THE UNITED STATES OF AMERICA, and MEMORIAL HEALTH SYSTEM, AN ENTERPRISE OF THE CITY OF COLORADO SPRINGS, COLORADO,

    Defendants.

## COMPLAINT

## JURISDICTION

### Federal Torts Claim Act

1. With regard to the Defendant United States of America (Defendant USA), this action arises under the Federal Tort Claims Act, Sections 2671 - 2680 of Title 28 of the United States Code (28 USC § 2671-2680). This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code (28 USC § 1346(b)).

### Pendent Jurisdiction

2. With regard to the Defendant Memorial Health System, an Enterprise of the City of Colorado Springs, Colorado (Defendant City), this Court has pendent jurisdiction.

## ADMINISTRATIVE REMEDY EXHAUSTED

3. On December 15, 2009, the Plaintiffs, Bernadette Martinez and S. R., a minor, submitted claims based on the allegations herein in the total amount of $60,000,000.00. By **June 15, 2010**, the Department of Health and Human Services has neither accepted nor rejected the claim and pursuant to 28 USC § 2675(a), Plaintiffs elect to consider the failure to act as a final denial of the claim.

## COMPLIANCE WITH C.R.S. 24-10-109.

4. Prior to filing this action, Plaintiffs had timely given notice to Defendant Memorial Health System, an Enterprise of the City of Colorado Springs, Colorado (Defendant City), of their claims pursuant to C.R.S. 24-10-109, and a period of 90 days has since passed following the filing of the Notice of Claim. Said notice was delivered to the City Attorney's Office of Colorado Springs, Colorado on November 16, 2009.

5. Under the Colorado Governmental Immunity Act, and pursuant to the principles of respondeat superior, the Defendant City is liable for all negligence of its employees.

## CERTIFICATE OF REVIEW

6. Pursuant to C.R.S. § 13-20-602, Plaintiffs state as follows:

7. The undersigned attorneys consulted with professionals who have expertise in the area of medical negligence as alleged in the Plaintiffs' complaints against the Defendant USA and Defendant City.

8. That such professionals have reviewed the known facts, including such records, documents and other materials that the professionals have found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claims against the Defendants does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and

9. That the persons consulted can demonstrate by competent evidence that, as a result of training, education, knowledge and experience, the consultants are competent to express an opinion as to the negligent conduct alleged; and

10. That the persons consulted with regard to the Defendants meets the requirements of C.R.S. § 13-64-401.

**PARTIES**

11. Plaintiffs, Bernadette Martinez (Plaintiff Bernadette) and S.R. (Plaintiff S.R), a minor, at all times relevant resided in Colorado Springs, County of El Paso, State of Colorado, which is within the District of Colorado. The acts and omissions complained of occurred within the District of Colorado.

12. Defendant USA operates a health care facility known as the Peak Vista Community Health Center, (PVCHC), which is located at 340 Printers Parkway, Colorado Springs, CO 80910-3195. Defendant USA in operating PVCHC is required to provide reasonable and appropriate care and treatment of patients. The health center, PVCHC, operated by Defendant USA, has in its employ, Peter A. Liehr, M.D., Christine A. Walker, Certified Nurse Midwife ( C.N.M.), Heather H. Pedrick,

C.N.M., Gwen E. McCormick, C.N.M., among other, doctors, nurses, interns, residents, student nurses, aides and other medical personnel over whom it exercises exclusive control and supervision with the right to employ and discharge such employees.

13. Defendant City operates a health care facility known as Memorial Hospital, Colorado Springs, Colorado.  Defendant City, in operating Memorial Hospital is required to provide, supervise and train appropriate health care personnel to provide reasonable and appropriate care and treatment of patients.  The health center, Memorial Hospital, operated by Defendant City, has in its employ, among others, doctors, nurses, interns, residents, student nurses, aides and other medical personnel over whom it exercises exclusive control and supervision with the right to employ and discharge such employees.

14. At all times referred to herein there existed between the health care providers at PVCHC and medical personnel at Memorial Hospital and the Plaintiffs, a relationship of physician-patient, or Nurse /medical provider (midwife)-patient.

## GENERAL ALLEGATIONS

15.  Plaintiffs adopt by reference and make a part hereof all preceding paragraphs.

16. Plaintiff Bernadette sought and received care and treatment from Defendant PVCHC when she was pregnant with Plaintiff S.R.

17. The standard of care requires that pregnant women be stratified based upon their degree of risk, and that appropriate management, treatment and counseling be provided based upon the degree of risk.

18. Plaintiff Bernadette should have been, and was, categorized as a high risk pregnancy and should have been treated, counseled and managed accordingly.

19. Plaintiff Bernadette had the following high risk indicators:

    a.  Multiparity;

    b.  Advanced Maternal Age;

    c.  Insulin Dependent Gestational Diabetes (poor control); and

    d.  Previous Cesarean Section (with six (6) successful VBAC deliveries.)

20. Plaintiff S.R. was at high risk according to the following indicators for Macrosomia:

    a.  Increased Fundal Heights;

    b.  Ultrasound Weights;

    c.  Gestational Diabetes, Insulin Dependent; which was poorly controlled,

    d.  Maternal Obesity;

    e.  Prior Macrosomic Fetus;

    f.  High Maternal Weight Gain 145-217 (71 Pounds) in a patient who is 5'2"; and

    g.  Male Fetus

21. In spite of these risk factors, PVCHC assigned nurse midwives to manage, provide and direct prenatal care to Plaintiff Bernadette.

22. The nurse midwives failed to appreciate that Plaintiff S.R. was macrosomic. Prenatal records, to include reports from Maternal Fetal Medicine, Memorial indicated that Plaintiff was large for gestational age (LGA).

23. Plaintiff Bernadette was at high risk for a delivery with shoulder dystocia due to the poorly controlled gestational diabetes, the weight gain, her advanced maternal age, and Plaintiff S.R.'s size (LGA).

24. Medical providers failed to advise Plaintiff Bernadette of the inherent risk associated with the above listed high risk factors and increased risk of shoulder dystocia with potential injuries to include life threatening injuries to the unborn baby.

**FIRST CLAIM FOR RELIEF- PRENATAL CARE AND DELIVERY**

*Negligent Assignment of High Risk Pregnancy To CNM - Defendant U.S.A.*

25. Plaintiffs adopt by reference and make a part hereof all preceding paragraphs.

26. Defendant U.S.A. fell below the standard of care by allowing CNMs to manage, direct and to provide the prenatal care to Plaintiff Bernadette.

27. The CNMs were negligent in failing to appreciate that Plaintiff Bernadette's pregnancy was outside their level of expertise.

28. Defendant U.S.A. further fell below the standard of care in allowing a CNM to direct, manage, provide and be responsible for the labor of Plaintiff Bernadette, a

documented high risk pregnancy, and the delivery of Plaintiff S.R., who was known to be or should have been anticipated to be macrosomic.

29. As a proximate and direct result of the negligence of the USA and CNM in this regard, Plaintiff S.R.'s size was neither adequately assessed nor appreciated, and Plaintiff Bernadette was not provided adequate information and counseling concerning the risk of shoulder dystocia and the option of delivery by cesarean section.

30. As a proximate and direct result of the negligence of the Defendant USA in failing to have appropriate physician involvement in Plaintiff Bernadette's prenatal care, there was inadequate assessment, analysis, and examination resulting in failure to appreciate and anticipate the size of Plaintiff S.R.  These failures caused Plaintiff S.R. to be placed in a situation where he was at high risk for a shoulder dystocia during delivery.

31. The shoulder dystocia was avoidable through a c-section.

32. Had Plaintiff Bernadette been adequately advised, she would have elected to have a c-section.

33. As a consequence of the above failures, a shoulder dystocia occurred during the delivery resulting permanent injury to Plaintiff S.R., including loss of use of his arm and a hypoxic ischemic brain injury.

## SECOND CLAIM FOR RELIEF- DELIVERY
*Negligence - Defendant City*

34. Plaintiffs adopt by reference and make a part hereof all preceding paragraphs.
35. Pursuant to the Colorado Governmental Immunity Act and pursuant to the principles of respondeat superior, Defendant City of Colorado Springs is liable for all acts of negligence of its agents and employees at Memorial Hospital.
36. The nurses had adequate information to know that this was a high risk pregnancy for shoulder dystocia due to Plaintiff Bernadette's diabetes, obesity, previous large infant and excessive weight gain.
37. In this situation, the nursing staff should have recognized that this was not an appropriate delivery to be managed and provided by a CNM.
38. While the nurses, medical staff and hospital personnel appear to have appreciated that there were abnormalities as concerns Plaintiff S. R.'s situation, they negligently failed to take sufficient actions in light of those abnormalities, to include requesting that a skilled physician be present to manage Plaintiff Bernadette's labor and the delivery of Plaintiff SR. Those failures constitute breaches in the applicable standards of care.
39. As a result of the failure to act by the nurses, medical staff and hospital personnel, Plaintiff Bernadette received inadequate care from a provider with inadequate expertise.
40. As a result of the negligence of the Defendant City, Plaintiff Bernadette and Plaintiff S.R. suffered a shoulder dystocia directly and proximately caused by

negligent excessive force and traction resulting in permanent injuries to Plaintiff S.R., including loss of use of his arm.

### THIRD CLAIM FOR RELIEF-DELIVERY
*Negligence- Defendant USA*

41. Plaintiffs adopt by reference and make a part hereof all preceding paragraphs.

42. Defendant USA pursuant to the Federal Torts Claim Act is liable for all acts of negligence of its agents and employees performed in the scope of their employment.

43. Christine A. Walker, C.N.M., Heather H. Pedrick, C.N.M. and Gwen E. McCormick, C.N.M., employees of Defendant U.S.A., negligently failed to take appropriate steps to protect Plaintiff S.R. from injury.

44. While the physician, Dr. Peter A. Liehr, and the Certified Nurse Mid-wives appreciated or should have appreciated that there were abnormalities as concerns Plaintiff S.R.'s situation, they negligently failed to take sufficient actions in light of those abnormalities. Those failures constitute breaches in the applicable standards of care.

.45. Dr. Liehr, Gwen E. McCormick, C.N.M., and/or the nurses under their direction and supervision, negligently applied excessive force and traction and other acts of negligence in the delivery of Plaintiff S.R. before and once the shoulder dystocia occurred.

46. As a direct and proximate result of the excessive force negligently applied by Defendant USA and other acts of negligence, Plaintiff S.R. suffered complete

brachial plexus injury and loss of use of his arm, and other injuries to include hypoxic ischemic encephalopathy.

## DAMAGES
*Plaintiff S. R.*

47. Plaintiffs adopt by reference and make a part hereof all preceding paragraphs

48. As a direct and proximate result of the negligent acts and omissions of the treating physician, Peter Liehr, M.D., C.N.M., Gwen E. McCormick, nurses and medical staff of Defendant USA and attending nurses, medical staff, and personnel at Memorial Hospital, Plaintiff S.R., has suffered and will continue to suffer, a complete brachial plexus palsy injury, upper and lower, and hypoxic ischemic, encephalopathy.

49. As a direct and proximate result of the carelessness, negligence and malpractice of the agents and employees of Defendant USA and the employees and agents of Defendant City, as described above, Plaintiff S.R. has and will continue to suffer pain, permanent impairment, permanent disfigurement, loss of earning capacity, past, future medical expenses, rehabilitation expenses, expenses for modifications of vehicles for transportation and of the family home, loss of enjoyment and quality of life and any other damages permitted by common law and statutes.

## DAMAGES
*Plaintiff Bernadette Martinez*

50. As a direct and proximate result of the carelessness, negligence and malpractice of the employees and agents of Defendant USA and the employees and agents of

Defendant City, as described above, the Plaintiff Bernadette, has and will continue to suffer emotional distress, loss of earnings, as it has been and will be necessary for her to devote her time, energy and emotions to the care for her son, S.R. and his needs, as well as the cost of past and future medical bills for his care and treatment, costs of rehabilitation, costs of modifications of her home and motor vehicles, and other damages permitted by common law and statutes.

**WHEREFORE**, Plaintiffs Bernadette and S.R., a minor, demand judgment against the Defendants for the sum and amount of $60,000,000.00 plus Plaintiff's cost in this action, pre and post judgment interests in accordance with the law, and such other and further damages permitted by common law, state and federal statutes, case law, and as the Court deems just and equitable.

Plaintiffs reserve the right to amend this complaint to include a claim for punitive and/or exemplary damages upon substantial completion of discovery.

Respectfully submitted this 17th day of May, 2011.

                                            RESPECTFULLY SUBMITTED,

                                          */s/William G. Fischer*
WILLIAM G. FISCHER, P.C.
William G. Fischer, #6999
1524 W. Colorado Avenue
Colo Springs, CO 80904
Telephone: (719) 475-2300
Fax: (719) 227-1112
E-Mail: fwgpc@qwestoffice.net

*/s/Michael Goodman*
Michael Goodman, #24573

          333 W. Hampden Avenue, Ste. 415
          Englewood, CO 80110
          Telephone: (303) 762-0426
          Fax: (303) 761-2735
          E-Mail: mgooodman@denver-injury-attorney.com

          <u>ATTORNEYS FOR PLAINTIFFS</u>

<u>Plaintiffs' Address:</u>
4905 Dewar Drive
Colorado Springs, CO 80916