IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01302–WJM–KMT

BERNADETTE MARTINEZ, and
S.R., a minor child by and through his natural mother and next best friend, Bernadette Martinez,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA, and
MEMORIAL HEALTH SYSTEM, an enterprise of the city of Colorado Springs, Colorado,

    Defendants.

## ORDER

    This matter is before the court on Plaintiffs' "Unopposed Motion to Appoint Guardian Ad Litem" (Doc. No. 39, filed Mar. 20, 2012 [Mot.]) and "Supplement to Unopposed Motion to Appoint Guardian Ad Litem" (Doc. No. 44, filed Mar. 22, 2012 [Supp.])  In their Motion, Plaintiffs seek to have the court appoint a Guardian Ad Litem (GAL) to act in the proper and best interests of Plaintiff S.R, a minor.  (*See* Mot.)  Plaintiffs also sought to serve by publication notice of the hearing on Plaintiff's Motion on S.R.'s biological father, Richard Gene Anthony Robinson.  (*Id.* at 3.)

    On March 22, 2012, the Court entered a Minute Order setting a hearing on Plaintiff's Motion for May 16, 2012.  (Doc. No. 43.)  In that Order, the court also noted that Plaintiffs did not intimate in their Motion that Mr. Robinson is unamenable to personal service at the address

featured in their proposed Notice of Hearing by Publication. (*Id.*) Thus, the court directed Plaintiffs to either attempt to serve Mr. Robinson personally, or advise the court as to why personal service was impracticable, infeasible, or inappropriate under the circumstances. (*Id.*)

The same day, March 22, 2012, Plaintiffs filed their Supplement advising the court that (1) Plaintiff Bernadette Martinez has not had any contact with Mr. Robinson in over a year, (2) Child Support Enforcement has been attempting to locate Mr. Robinson for past due child support to no avail, and (3) Plaintiff's counsel called the last known telephone number of Mr. Robinson and learned that the number is no longer in Mr. Robinson's name. (Supp. at 1-2.) As such, Plaintiffs believe that Mr. Robinson should be served by publication.

The court notes that "the precise procedure for appointing a guardian ad litem is left to the district court's discretion under Fed. R. Civ. P. 17(c)." *Neilson v. Colgate-Palmolive Co,* 199 F.3d 642, 663 n.4 (2d Cir. 1999) (Sotomayor, J. dissenting)[1] (citation omitted). Although the court reserves ruling on the issue of whether Mr. Robinson must be served with notice of the hearing before the court may appoint a GAL to act on S.R.'s behalf, the court finds that it certainly would be preferable, as it would allow Mr. Robinson to present his objections, if any, to appointing a GAL. *Cf. id.* (citing N.Y. Mental Health Hyg. Law § 81.07(d)(ii)) (noting that, under New York law, "copies of an application for a general guardian must, if possible, be served on the allegedly incompetent person's spouse, parents, and adult children, among

[1] The dispute between the *Neilson* majority and dissent does not relate to this proposition. *See id.* at 658-666.

others.") Because Plaintiffs have demonstrated that Mr. Robinson's whereabouts are presently unknown, the court finds that serving Mr. Robinson by publication is appropriate in this case.

However, beyond stating that the notice will be published once a week for three consecutive calendar weeks, Plaintiffs have not advised the court as to how service by publication will be accomplished. Namely, Plaintiffs have not proposed a particular newspaper in which they will publish their proposed notice. Accordingly, the court will require Plaintiffs to file an additional supplement to their Motion advising the court as to the precise methodology by which service by publication will be accomplished. Plaintiff's proposed method of serving Mr. Robinson by publication shall be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Therefore, it is

ORDERED that no later than April 10, 2012, Plaintiff shall file a supplement to their "Unopposed Motion to Appoint Guardian Ad Litem" (Doc. No. 39) advising the court as to the precise methodology by which service by publication on Richard Gene Anthony Robinson will be accomplished.

Dated this 5th day of April, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge